IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 7:21-CR-48 |
| 1) JUANJAVA BOGGERTY a/k/a JAY, | : VIOLATION(S): |
| 2) BRADRICK BOSTON a/k/a BIG BABY, | :   21 U.S.C. § 846 |
| 3) RAFON CARITHERS a/k/a TWEED, | :   21 U.S.C. § 841(a)(1) |
| 4) JEHMEIL CARMICHAEL, | :   21 U.S.C. § 841(b)(1)(A)(viii) |
| 5) CLENTON DAVIS, | :   21 U.S.C. § 841(b)(1)(B)(viii) |
| 6) KEILAYSHA DIXON, | :   21 U.S.C. § 841(b)(1)(C) |
| 7) VONTESHA DIXON, | :   18 U.S.C. § 2 |
| 8) BRIAN FOSTER a/k/a JOE, a/k/a FOS, | :   18 U.S.C. § 922(g)(1) |
| 9) DANTE HILLE, | :   18 U.S.C. § 924(a)(2) |
| 10) DARRELL MACK, | :   18 U.S.C. § 924(c)(1)(A) |
| 11) MCKEVOR MULKEY a/k/a CHEVY, | :   26 U.S.C. § 5841 |
| 12) DMYA NORRIS, | :   26 U.S.C. § 5861(d) |
| 13) TEVIN PARKER a/k/a TAY TAY, | :   26 U.S.C. § 5871 |
| 14) RISHAUN RICHARDSON, | :   18 U.S.C. § 924(d)(1) |
| 15) COURTNEY TAYLOR, | :   21 U.S.C. § 853 |
| 16) JALA TAYLOR, | :   26 U.S.C. § 5872 |
| 17) KEYUNTRAN TAYLOR a/k/a/ TREY, | :   28 U.S.C. § 2461(c) |
| 18) DAMARIUS WILLIAMS            Defendants. | : |

## PROTECTIVE ORDER FOR DISCOVERY MATERIALS

Pending before the Court is the Government's Motion For Protective Order Governing Discovery Material. For good cause shown, pursuant to Federal Rule of Criminal Procedure 16(d), the Motion is **GRANTED**. Accordingly, it is hereby **ORDERED** that:

1. Any and all discovery provided by the Government in this criminal case to the Defendants is to be used by the Defendants and Defense Counsel solely for the purpose of allowing the Defendants to prepare their defense in this case, and neither the Defendants, Defense Counsel, nor any member of the defense team will disseminate, disclose, or provide discovery to anyone who

1

is not necessary to the preparation of the defense of the above-captioned case. This includes a prohibition of posting any discovery materials on social media such as YouTube, Facebook, Instagram, etc. This prohibition does not allow the Defendants to possess the unredacted discovery outside the presence of counsel, or copy, the same.

 a. This applies to all discovery provided by the Government pursuant to this criminal action, regardless of whether such discovery has already been produced or will be produced in the future, and regardless of whether such discovery has or will be produced pursuant to Rule 16 or otherwise.

 b. Similarly, if any Defendant produces to the Government in reciprocal discovery any document which contains PII, it is to be treated under the same conditions.

2. Dissemination of unredacted materials for purposes relating to defense of the criminal case is permitted to: (1) members of the defense team, i.e., co-counsel, paralegals, investigators, translators and secretarial staff; (2) any experts or consultants retained to assist in the preparation of the defense; (3) any potential witnesses interviewed by the defense team in connection with this case, if it is determined that it is necessary to display records to such witnesses for the purpose of preparing the defense of the criminal case, and (4) the Court (including by filing and making use of exhibits) in connection with proceedings in the criminal case.

3. Permissible dissemination within the meaning of paragraph 2, above, does not include questioning or examination about, display, or direct use in depositions conducted in any proceeding or interview other than the above-captioned criminal case.

4. If Defense Counsel desires to disclose any discovery or make available or communicate the content of such discovery to any other person not described in this Protective Order or for any

2

purpose other than the defense of the criminal case, he or she must redact the document prior to its production or apply to the Court for relief from this Order.

5. This Protective Order governs the Defendants' and the defense team's use of discovery specifically produced or made available to the Defendants in this criminal action. This Protective Order does not limit the Defendants' and the defense team's use of documents that they might already possess prior to receiving discovery from the Government in this case, or might obtain through other means.

6. Before publicly filing on the Court's docket any document subject to this Protective Order or using it in open court in this case, the party seeking to make such filing must request the sealing of such document or information, or to redact such information, as appropriate.

7. This Protective Order shall survive the final termination of this action, and upon termination of this action and termination of any appeal or other proceeding relating to the criminal action, counsel for the Defendants shall return all copies of the discovery to the Government that is not a matter of public record at the time (i.e., trial exhibits or other publicly filed exhibits or documents), or shall certify that said documents have been destroyed.

**SO ORDERED**, this _8th_ day of October, 2021.

_W. Louis Sands_
W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

Order prepared by:

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

By: _/s/Melody Z. Ellis_
MELODY Z. ELLIS
ASSISTANT UNITED STATES ATTORNEY
GA Bar Number 246156
Attorney for the United States
201 W. Broad Avenue, 2nd Floor
Albany, GA 31701
Phone: 229-430-7754
Fax: 229-430-7776
Email: melody.ellis@usdoj.gov