IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:21-CR-48 |
| | : | |
| JUANJAVA BOGGERTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ORDER**

  Pending before the Court is the United States of America's Motion to Declare the Case Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B) and Extend Deadlines in the Standard Pretrial Order based on a special scheduling order for the case. (Doc. 201.) Specifically, the Government requests that this Court declare the case complex and seeks an extension of the discovery deadlines set forth in the Court's Standard Pretrial Order. (*Id.*) This case involves a forty-five (45) count indictment charging eighteen (18) different defendants with some combination of sixteen distinct violations of the law. (*Id.*, at 2.) The Court notes that to date twelve (12) of the Defendant's Counsels have stated that they have no objection to this motion (*Id.,* at 2-4.) The six (6) remaining Defendants have either not made their initial appearance or have yet to be arrested, and therefore have not made their position known. (*Id.*) The Court finds that those six defendants are unlikely to be able to contest the need to certify this case as complex. The Court also finds that those six defendants have an interest in adequate discovery and preparation.

  The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance or extension. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result

in a miscarriage of justice, whether the case is especially unusual or complex, or whether the case is unusual or complex enough that the failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B). Here, the Court finds that this case is complex and that failure to grant a continuance would be likely to result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Therefore, in this case, the ends of justice served by granting a continuance and designating the case as complex outweigh the best interest of the public and Defendants in a speedy trial.

This case stems from a two-year investigation into a drug distribution conspiracy implicating numerous defendants. (Doc. 201 at 4.) That investigation led to the above mentioned forty-five (45) count indictment charging eighteen (18) different defendants with some combination of sixteen distinct violations of the law. (*Id.*, at 2.) The discovery in this case is voluminous and complex, due to the extended nature of the investigation, comprising over 73,000 recorded phone calls and text messages, audio and video recordings, reports, and information obtained from multiple search warrants, tracking devices and pole cameras. (*Id.,* at 4.) The estimated file size for discovery alone is between one (1) and three (3) terabytes. (*Id.*)

The Government notes in its contemporaneously filed Motion for a Protective Order (Doc. 202) that discovery may contain personally identifying information and other potential privacy concerns. As such it is anticipated that the process of reviewing the discovery material will be time consuming and may involve filing additional discovery motions and requests. (Doc 201. at 5.) It is also likely that a case of this nature will require a lengthy trial, due to the sheer amount of discovery and number of defendants. The Government noticed the Court that they anticipate any trial in this matter will proceed for at least six weeks, exclusive of defense or rebuttal witnesses. (*Id.*) Thus, the Court finds that this case is too complex to expect the parties to prepare for trial during the statutory time periods.

Therefore, for good cause shown, the Government's motion (Doc. 201) is **GRANTED.** Accordingly, the case is deemed complex, and the above-captioned matter is hereby **CERTIFED COMPLEX.** Therefore, it is **ORDERED** that this case be

2

**EXCLUDED FROM COMPUTATION** under 18 U.S.C. § 3161 for the aforementioned reasons. Accordingly, the case is hereby **CONTINUED** beyond the time limitations set by the Speedy Trial Act. The parties are hereby **ORDERED** to confer and then meet with the Court in a status conference to discuss deadlines and scheduling at a date to be specially set by separate notice of the Court. A special trial date will be set following the status conference.

**SO ORDERED,** this __12th__ day of October 2021.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**