**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Case No.: 7:21-CR-48 (WLS-TQL) |
| | : | |
| JUANJAVA BOGGERTY, *et al,* | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**SCHEDULING ORDER**

On September 15, 2021 a Grand Jury issued a forty-five (45) count Indictment (Doc. 1) in this case. On October 7, 2021, the Government filed a Motion to Declare Case Complex Pursuant to 18 U.S.C. § 3161(h)(7)(B) and Extend the Deadlines contained in the Court's Standard Pretrial Order. (Doc. 201.) This Court granted the Government's Motion for good cause shown on October 13, 2021 and ordered that the case be certified as complex and excluded from computation under the Speedy Trial Act.[1] (Doc. 209.)

On December 6, 2021, this Court issued Orders (Docs. 273-275) directing the parties to confer and inform the Court no later than December 21, 2021, whether any matters required a hearing or further briefing or whether the case would be ready to proceed to trial in February 2022. The Government and Counsels for the various Defendants informed the Court that this case was not ready to proceed to trial. (Docs. 276-285.) The Government further requested the opportunity to submit a proposed scheduling order for the management of the case. (Doc. 276.)

On December 21, 2021 this Court entered an Order for the Parties in the case to confer and submit a proposed scheduling order. (Doc. 291.) The Government filed its Response (Doc. 294) on January 3, 2022 and included as an attachment the Proposed Scheduling Order. (Doc. 294-1.)  In the Response, Counsel for the Government informed the Court that the

---

[1] The Court notes for the purposes of the record that the good cause shown was the fact that the discovery materials in this case were voluminous with an estimated file size of between 1 and 3 terabytes. (Doc. 209.)

attorneys of record for all the defendants, except Clenton Davis (attorney: Phil Cannon) and Keilaysha Dixon (attorney: Nicole Williams), had consented to the Proposed Scheduling Order. (Doc. 294 at 3.) The Court then entered an Order (Doc. 295) ordering Counsel for Defendants Clenton Davis and Keilaysha Dixon to file any objections or proposed amendments to the Proposed Scheduling Order no later than January 10, 2022. Counsel for Defendants Clenton Davis and Keilaysha Dixon have filed their respective Responses (Docs. 296 and 297) and did not raise any objections or propose any amendments to the Government's Proposed Scheduling Order. (Doc. 294-1.)

As no Defendant has objected to the Government's Proposed Scheduling Order (Doc. 294-1), the Court hereby amends the Standard Pretrial Orders previously issued in this case (Docs. 118, 194, 223, 258, 262, 266 and 269) and imposes the following deadlines for the disposition of this case.

(1) The Government shall discharge its discovery obligations set forth in paragraphs 1, 3-10 of the Standard Pretrial Orders by **Friday, February 11, 2022**.

(2) Defense discovery, as outlined in paragraph 2 of the Standard Pretrial Orders is due by **Friday, March 11, 2022**.

(3) Motions and other Motions in Limine are due by **Friday, May 27, 2022**.

(4) Motion Responses are due by **Friday, June 24, 2022**.

(5) The Government must provide the Defendants with Expert Witness Notices, Rule 404(b) Notices and Rule 851 Enhancements Notices by **Friday, July 15, 2022**.

(6) The Defendants Expert Witness Notices are due by **Friday, August 12, 2022.**

(7) **Except as modified by this Order, the Standard Pretrial Orders (Docs. 118, 194, 223, 258, 262, 266, 269) shall remain in effect**.

Based upon the foregoing schedule, this case tentatively[2] should be ready for trial to commence on **Monday, November 7, 2022**, in the **Valdosta Division** of this Court, or as otherwise ordered by the Court.

---

[2] The actual trial date will be known when the Parties receive the Notice of Pretrial Conference, which might state the proposed trial date listed herein or an earlier or later trial date.

It shall be the continuing duty of counsel for both sides to immediately reveal to opposing counsel all newly discovered information or other material within the scope of this Order. Upon a sufficient showing and a motion properly filed, the Court may at any time order that the discovery or inspection provided for by this Order be denied, restricted, deferred, or make such other order as is appropriate. It is expected by the Court, however, that counsel for both sides shall make every good faith effort to comply with the letter and spirt of this Order.

All motions to enforce the provisions of this Order, including issues concerning a party's non-compliance with discovery, must be filed not more than 14 days after its occurrence or discovery by the movant and not later than 14 days prior to the pretrial conference in this case, whichever occurs first. All such issues must be raised at the pretrial conference, or they may be deemed waived.

Consistent with Local Criminal Rule 47, if a pretrial motion is filed, the opposing party shall respond **within 21 days** or the motion may be granted as unopposed, if appropriate. Replies are due **within 14 days** thereafter. If a motion to suppress is filed, the burden is on the defendant to allege standing and show the necessity of a hearing. *See United States v. Sneed*, 732 F.2d 886, 888 (11th Cir. 1984) (per curiam).

If a party desires to continue a hearing, a motion to continue must be filed stating the reasons for the requested continuance. If a defendant intends to plead guilty and waive his right to a trial, the parties are encouraged to inform the Court as soon as possible and no later than two business days prior to any noticed pretrial conference. Furthermore, if a defendant files a written objection to a Presentence Investigation Report, the government shall file a written response within 7 days thereafter.

**SO ORDERED**, this __24th__ day of January 2022.

/s/ **W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**